IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVISON DESIGN, et al., | No. C 11-02970 EDL |
| Plaintiffs, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| CATHERINE RILEY, | |
| Defendant. | |

This matter came on for hearing on November 8, 2011, on Defendant's motion to dismiss for lack of subject matter jurisdiction and insufficient service of process. All parties appeared at the hearing through counsel. For the reasons stated at the hearing and set forth below, Defendant's motion to dismiss is DENIED and Plaintiffs are granted leave to amend the complaint.

## I. BACKGROUND

Plaintiffs Davidson Design & Development Inc., XL Marketing Corp., Spire Vision Holdings, Inc., ProAdvertisers LLC, Prime Advertisers LLC, MediActivate LLC, and ConnectionCentrals (collectively "Plaintiffs") filed this declaratory judgment action against individual defendant Catherine Riley after she allegedly sent letters demanding thousands of dollars in damages for violations of the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act, 15 U.S.C. § 7701, and California Business & Professions Code § 17529.5 after receiving direct advertising emails from Plaintiffs. Plaintiffs seek a declaration that they have not violated state or federal law and assert both diversity and federal question jurisdiction. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction and insufficient service of process. Plaintiffs filed a single opposition, and Defendant did not file any reply.

## II. LEGAL STANDARD

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F.Supp. 970, 971–72 (E.D.Cal.1997). If the motion attacks the complaint on its face, as is the case here, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F.Supp. 53, 56 (N.D.Cal.1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198 (1962).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. Federal Question Jurisdiction

Taken as true, the allegations of the complaint demonstrate that Defendant Riley sent Plaintiffs a series of letters demanding money over emails that she received and threatening litigation over alleged violations of the CAN-SPAM Act and the California Business & Professions Code. Plaintiffs seek a binding determination by the Court that Defendant cannot bring suit under CAN-SPAM and that Plaintiffs' emails do not violate federal spam law. Defendant contends that there is no federal question jurisdiction because the complaint refers only briefly to the federal CAN-SPAM Act and alleges that Defendant does not have standing to sue Plaintiffs under that Act. Compl. 2:15, 5:4-7. Defendant concedes that she does not have standing under the CAN-SPAM Act because she is neither an Internet Service Provider, an Attorney General or the Federal Trade Commission, and therefore argues that there is no basis for federal jurisdiction. See 15 U.S.C. §

2

7706. In her demand letters, however, Defendant claimed that the emails she received from Plaintiffs violated federal law. Declaration of Daniel Berger in Support of Pls' Opp. ("Berger Decl."), Ex. G.

" The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007) (patent licensee was not required to break or terminate its license agreement before seeking a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed). The "actual controversy" requirement is the same as the "case or controversy" requirement of Article III of the United States Constitution. Under Ninth Circuit authority, courts must focus on whether a declaratory relief plaintiff has a "reasonable apprehension" that he or she will be subjected to liability. Societe de Conditionnement En Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 944 (9th Cir. 1981). Here, Plaintiffs' claim for declaratory relief in the face of Riley's threats of litigation raises a real case or controversy under the Declaratory Judgment Act. Thus, Defendant's motion to dismiss on the ground that the court lacks federal question jurisdiction is DENIED.

At the hearing on the motion to dismiss, counsel for Defendant stated his intention to file a covenant not to sue under the CAN-SPAM Act, citing persuasive but non-binding authority that the declaratory relief claim under the CAN-SPAM Act would thereby be rendered moot. See Paramount Pictures Corp. v. RePlay TV, 298 F. Supp. 2d 921 (C.D. Cal. 2004) (unilateral covenant not to sue moots claim for declaratory relief). The Court noted this authority but Plaintiffs' counsel did not concede this point. The Court declined to rule on the issue at the present juncture and advised Plaintiffs to review the authority cited by Defendant and evaluate whether Plaintiffs would have a good faith basis to proceed on a declaratory judgment claim under the CAN-SPAM Act following Defendant's execution of a covenant not to sue.

**2. Diversity Jurisdiction**

Defendant contends that the complaint does not allege that the amount in controversy exceeds $75,000. The complaint generally alleges that Defendant demanded "thousands" of dollars

3

from Plaintiffs, but does not specify the amount demanded or make any other reference to the amount of money at issue in the litigation. Defendant is correct that the complaint fails to identify the amount of damages sought by Defendant, but Plaintiffs' opposition papers attach the demand letters sent to Plaintiffs by Defendant's attorney, seeking $88,500 from Plaintiff Spire Vision to settle the claims. Berger Decl., Ex. F. Thus, even without factoring the potential award of attorney fees, the $88,500 demanded by Defendant would meet the amount in controversy threshold. As Plaintiffs have demonstrated that they can cure the missing amount in controversy requirement, the Court grants leave to amend the complaint to aver the amount in controversy.

The complaint alleges that Defendant Riley is a citizen of California and that Plaintiffs are corporate residents of Delaware, Nevada and Pennsylvania. Defendant does not challenge the citizenship allegations in the complaint, but instead argues that necessary parties (allegedly other advertising clients of the Spire Vision Plaintiffs) who are citizens of California were strategically not named as Plaintiffs in the complaint. Defendant does not explain why Spire Vision's advertising clients other than Davidson are necessary parties, or even who they are or how they are related to the dispute. Without more explanation, this argument fails.

Based upon Plaintiffs' representation that they will file an amended complaint to aver the amount in controversy, Defendant's motion to dismiss for lack of diversity jurisdiction is DENIED.

### B. Service of Process

Defendant also contends that the complaint should be dismissed because she was not properly served. Defendant acknowledges that she had actual notice of the action because the summons and complaint were left at her workplace pursuant to California Code of Civil Procedure § 415.20(a), which provides as follows:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

1 Plaintiffs represent that on September 7, 2011, a copy of the summons and complaint were
2 mailed to Defendant Riley at her workplace, San Francisco General Hospital, via first
3 class mail. Du Wors Decl., Ex. C (proof of service by mail). Defendant contends that she
4 did not receive a copy of the summons and complaint by mail as required by statute,
5 though she provides no declaration or other evidence to this effect. At the hearing,
6 defense counsel did not challenge Plaintiffs' showing of substituted service pursuant to
7 section 415.20. The motion to dismiss on the ground of insufficient service of process is
8 therefore DENIED.

### C. State Law Claim

With respect to Plaintiffs' second claim for declaratory relief under California Business & Professions Code § 17529.5, Defendant argues that the Court does not have supplemental jurisdiction over Plaintiffs' claim seeking a declaration of whether California state law has been violated because there is no federal claim conferring federal jurisdiction, and the state law claim therefore fails for lack of jurisdiction. Mot. at 8. Section 17529.5 prohibits an e-mail advertisement that "contains or is accompanied by falsified, misrepresented, or forged header information." Cal. Bus. & Prof. Code § 17529.5(a)(2). Because the complaint states a viable claim for declaratory relief under CAN-SPAM based on Defendant's threats to sue, the Court may exercise jurisdiction over the pendent state law claim as well. As discussed above, Plaintiffs have also established diversity jurisdiction over the § 17529.5 claim. The motion to dismiss the state law claim is therefore DENIED.

Defendant also takes issue with the allegation in the complaint that "Defendant's claims are pre-empted by federal law because they are not based on traditional common law theories of falsity or deceit." Compl. ¶ 41. The Court declines to rule on the issue of preemption which has not been properly raised before the Court on the present motion to dismiss.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is DENIED without prejudice. Plaintiffs shall file an amended complaint by November 14, 2011.

**IT IS SO ORDERED.**

Dated: November 15, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge